# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ANDRE FARMER**                                                              **MOVANT**

**V.**                                                                  **NO. 1:12CR166-MPM**

**UNITED STATES OF AMERICA**                                              **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Movant, Andre Farmer, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion, and Farmer has replied. Having considered the pleadings and the record, including the relevant parts of the underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and the instant motion will be denied.

### Relevant History

On May 16, 2013, Andre Farmer pleaded guilty to possession of a firearm by a convicted felon. Farmer was sentenced to a 48-month term of imprisonment on August 8, 2013. He was found subject to an increased offense level under United States Sentencing Guideline ("USSG" or "Guideline") § 2K2.1(a)(4)(A) based upon a finding that he had a prior Mississippi conviction for aggravated assault, which the Court found qualified as a "crime of violence" under Guideline

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

§ 4B1.2(a).[2]

On or about June 23, 2016, Farmer filed the instant motion to vacate, alleging that in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015), his prior Mississippi conviction for aggravated assault no longer qualifies as a "crime of violence" under the Guidelines, as the prior conviction is neither an enumerated offense nor has as an element the intentional use, attempted use, or threat of violent physical force. Therefore, he claims, his base offense level punishment was improperly increased based on the determination that he had a prior conviction for a crime of violence. The government opposes the motion for reasons set forth below but has notified the Court that Farmer currently has a tentative release date of November 6, 2016. Due to Farmer's impending release, both parties have requested an expeditious ruling on the instant motion.

## Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's

---

[2] Without the prior "crime of violence" finding, Farmer would have an offense level 17 and a criminal history category V, resulting in a Guideline range of 46-57 months.

allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Discussion

Farmer was subject to an increased base offense level under § 2K2.1(a)(4)(A) because he had a prior Mississippi conviction for aggravated assault, which was considered a crime of violence under § 4B1.2.[3] At the time of Farmer's federal sentencing, § 4B1.2 defined a "crime of violence" as a state or federal offense, punishable by more than one year of imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [elements clause] or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, [enumerated offenses clause] or
> (3) otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause].[4]

In *Johnson v. United States*, the United States Supreme Court held the identically-worded residual clause of the Armed Career Criminal Act unconstitutionally vague. *Johnson*, 135 S. Ct.

---

[3] *See* USSG 2K2.1(a)(2), comment n.1 ("Crime of violence has the meaning given that term in [the career offender provision] § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2").

[4] The United States Sentencing Commission recently amended Guideline 4B1.2, effective August 1, 2016, making changes to the definition of "crime of violence ." *See* United States Sentencing Commission, Adopted Crime of Violence Amendment (Effective August 1, 2016), available at http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendment-crime-violence (last visited August 8, 2016).

at 2257. In the instant motion, Farmer argues that his Mississippi conviction fails to constitute a crime of violence for Guidelines purposes after *Johnson*, as the predicate conviction qualifies only under a now-rejected residual clause of the Guidelines career offender provision, §4B1.2(a).

Respondent argues that *Johnson* is inapplicable to this case, inasmuch as it does not apply to defendants sentenced under the Guidelines whose cases were final before *Johnson* was announced. *See In re Williams*, 806 F.3d 322, 325-26 (5th Cir. 2015) (finding defendant failed to overcome retroactivity bar); *see also In re Arnick*, 2016 WL 3383487 at *1 (5th Cir. Jun. 17, 2016) (noting split among circuits as to whether *Johnson* applies to Guidelines and whether the rule applies retroactively to cases on collateral review). The parties note, however, that the issues of *Johnson*'s retroactive applicability to the Guidelines is to be decided by the Supreme Court in its upcoming term. *See Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. Jun. 27, 2016) (granting certiorari).

Bound by Circuit holdings on this issue, the Court must conclude that *Johnson* offers Farmer no relief. *See, e.g., United States v. Jeffries*, 2016 WL 3895247 (July 18, 2016) ("[O]ur court has ruled that the Supreme Court has not applied *Johnson*. . . to the career offender sentencing guidelines definition in [USSG] § 4B1.2(a)(2).") It anticipates, however, that the decision in *Beckles* could side with Farmer, as the language struck in *Johnson* is also contained in Guidelines language. *See United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (holding "precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence"). However, because Farmer is expected to be released in November 2016, before the Supreme Court's decision in *Beckles* will issue, the Court

4

determines it should engage in an alternative discussion of Farmer's case presuming the retroactive applicability of *Johnson*'s holding to the Guidelines. Therefore, the Court will consider Farmer's arguments that his prior conviction for aggravated assault fails to qualify as a crime of violence under the enumerated offenses clause or the elements clause of § 4B1.2(a).

As noted above, at the time of Farmer's sentencing, the enumerated offenses constituting crimes of violence in the career offender provision included burglary of a dwelling, arson, extortion, or involve[d] use of explosives. § 4B1.2(a). Clearly, Farmer's aggravated assault conviction is not one of those offenses. However, aggravated assault was listed as an enumerated offense in the Application Note to § 4B1.2(a)(2), indicating that the drafters of the Guidelines clearly believed it to be a crime of violence. Farmer argues that the Application Note cannot be controlling post-*Johnson*, as the listing of these offenses reflects the Sentencing Commission's belief that the offense involved a "risk of injury" comparable to enumerated crimes, and thus, fell within the Guideline's residual clause. *See, e.g., James v. United States*, 550 U.S. 192, 206 (2007) (noting Guideline's inclusion of offenses in comments "presumably" reflects a "risk of injury"). However, when a prior offense is an enumerated offense in the Application Notes, it "is equivalent in force to the Guidelines language itself as long as the language and the commentary are not inconsistent*." United States v. Esparaza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012). This approach has continued post-*Johnson*. *See, e.g., United States v. Torres-Jaime*, 821 F.3d 577 (5th Cir. 2016) (noting aggravated assault is listed in enumerated offenses in comment to §4B1.2).

In determining whether Farmer's Mississippi conviction for aggravated assault constitutes the enumerated offense of aggravated assault, the Court asks whether the Mississippi offense is

5

the equivalent of the ordinary, common meaning of aggravated assault. *United States v. Mendoza-Sanchez*, 456 F.3d 479, 481-82 (5th Cir. 2006). A primary method of determining the ordinary, generic meaning of aggravated assault is the Model Penal Code. *United States v. Esparza-Perez*, 681 F.3d 228, 231 (5th Cir. 2012); *see also Taylor v. United States*, 459 U.S. at 589 & n.8 (deriving elements of generic offense of aggravated assault by considering elements of crime by looking at Model Penal Code and state law).

The Model Penal Code states:

> (2) Aggravated Assault. A person is guilty of aggravated assault if he: (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

Model Penal Code § 211.1(2). At the time of Farmer's state-court conviction, Mississippi's aggravated assault statute stated:

> A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.

Miss. Code Ann. § 97-3-7(2).

These definitions are virtually identical, and the Court determines that a conviction of aggravated assault under Mississippi law is a crime of violence for Guidelines purposes, as a conviction under the statute falls within the ordinary definition of aggravated assault.[5]

Additionally, the Court finds that aggravated assault in Mississippi is a crime of violence

---

[5] The recently amended § 4B1.2(a) lists aggravated assault as an enumerated crime of violence.

under the elements clause, because a conviction under the statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). Farmer argues that a person may be convicted of aggravated assault in Mississippi without the intentional use of physical force, and therefore, the prior conviction fails to qualify as a predicate offense under the elements clause of the Guidelines.

Courts use the categorical approach to determine whether a prior conviction qualifies as a crime of violence under the elements clause. *See Taylor v. United States*, 495 U.S. 575, 577-78 (1990). This approach looks at the fact of conviction and the statutory definition of the offense, rather than the underlying conduct by the defendant, to determine whether the offense contains an element involving the use of force. *See, e.g., United States v. Dominguez*, 479 F.3d 345, 347 (5th Cir. 2007). The Fifth Circuit has held:

> [W]hen applying the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood" that triggers the sentencing enhancement. "If the [offense of conviction] has the same elements as the 'generic' ... crime [in the sentencing enhancement], then the prior conviction can serve as [the] predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily ... guilty of all the [generic crime's] elements.' "

*United States v. Schofield*, 802 F.3d 722, 727–28 (5th Cir.2015) (citations omitted) (quoting *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013)).

In *Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court clarified that in order for a statute to qualify under the elements clause, the statute must have an element of "physical force," that is, "violent force" capable of causing physical pain or injury to another person. *Id.* at 140. Aggravated assault is a crime of violence under Mississippi law. *See Davis*

7

*v. State*, 680 So. 2d 848, 851 (Miss. 1996) (noting also that federal sentencing guidelines consider aggravated assault a crime of violence). The Court has already noted that Mississippi's statute essentially mirrors that of the Model Penal Code. It notes that under either provision, a conviction of aggravated assault requires an assault (carried out or threatened) with an intent to cause a serious bodily injury. *See United States v. Ocampo-Cruz*, 561 F. App'x 361, 363 (5th Cir. Apr. 4, 2014) (noting Model Penal Code definition of aggravated assault describes a necessary mental state greater than simple recklessness or negligence); *see also United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010) ((noting "[a] threat that creates a fear 'of imminent serious bodily injury' is a threat of physical force."). Mississippi's aggravated assault statute does not encompass behavior outside of the ordinary meaning of the offense, and therefore, it is sufficient to meet the elements clause.

In sum, the Court concludes that Farmer's claim is precluded by Fifth Circuit precedent, and that his aggravated assault conviction is otherwise an eligible predicate offense as a crime of violence under the elements and use of force clauses. Accordingly, the instant motion should be denied.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Farmer must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). The Court finds that a COA should issue in this case.

## Conclusion

For the reasons set forth herein, the Court **ORDERS** that Farmer's § 2255 motion [42] be **DENIED**. A COA is **GRANTED**. A separate final judgment will enter today.

**SO ORDERED** this 9th day of August, 2016.

                                         /s/ Michael P. Mills
                                         **U.S. DISTRICT JUDGE**